**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
|---|---|---|---|
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Frank Kortum, AUSA     Not Present

**Proceedings:** MOTION FOR DEFAULT JUDGMENT AGAINST THE INTERESTS OF KNOWN POTENTIAL CLAIMANTS SILVIA TERESA SILVA–CEBREROS AND JESUS LOMELI, JR., AND ALL UNKNOWN POTENTIAL CLAIMANTS (Dkt. 14, filed May 17, 2018)

## I. INTRODUCTION

On January 17, 2018, the United States of America ("the government") initiated this civil forfeiture action by filing a verified complaint against defendant $63,500 in U.S. currency ("defendant currency") pursuant to 21 U.S.C. § 881(a)(6). Dkt. 1 ("Compl."). On May 9, 2018, the Clerk of Court entered default against known potential claimants Silvia Teresa Silva–Cebreros ("Silva–Cebreros") and Jesus Lomeli, Jr. ("Lomeli') and all other unknown potential claimants to the defendant currency. Dkt. 13. On May 17, 2018, the government filed the instant motion for default judgment. Dkt. 14 ("Mot."). The Court held a hearing on June 25, 2018. For the foregoing reasons, the Court grants the government's motion and enters default judgment.

## II. BACKGROUND

On May 30, 2017, agents with the U.S. Drug Enforcement Agency ("DEA") were monitoring electronic communications of several associates of a drug trafficking organization pursuant to a federally authorized wiretap. Compl. ¶ 8. DEA agents intercepted a text message in coded language referring to an impending money delivery sent to "Rosy," a courier for a drug trafficking organization. Id. Rosy was later identified as Alma Rosa Zazueta–Coronel. Id. Pursuant to a search warrant, the DEA obtained the subscriber information associated with a telephone number used in the intercepted text message. Id. ¶ 9. The DEA determined that Silva–Cebreros was using

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

the telephone number and would soon transport monetary proceeds from one or more narcotics transactions to Rosy. Id.

On June 9, 2017, the DEA relayed its findings to the Azuza Police Department ("APD"), and APD began surveilling a residence in Arleta, California where Silva–Cebreros was believed to be present. Id. ¶ 10. APD investigators observed Silva–Cebreros place an apparently weighted shopping bag into a Honda Accord ("Accord") parked at the residence and drive the vehicle away. The investigators believed that the bag contained monetary proceeds of one or more narcotics transactions. Id. At the same time, DEA agents learned that Rosy was travelling in the general direction of Los Angeles from Indio, California. Id.

Shortly after Silva–Cebreros drove away from the residence in Arleta, APD investigators detained the Accord pending issuance of a search warrant for the vehicle and the Arleta residence. Id. ¶ 11. Silva–Cebreros told investigators that she did not live at the Arleta residence and never used the Accord, statements which were subsequently contradicted by Briana Silva, an occupant of the Arleta residence. Id. Silva–Cebreros told investigators that she had "more than a normal amount" of money in the vehicle, which she first stated was around $1,000, but she later admitted there was $50,000 in the vehicle. Id. ¶ 12. Silva–Cebreros also stated that she was *en route* to a barbershop in Inglewood owned by her boyfriend, Richard, but that she did not have his number and Richard did not know that she was on the way. Id. Later, Silva–Cebreros said that the barbershop was actually in Van Nuys, not Inglewood. Id. In response to further questioning, Silva–Cebreros stated that she was supposed to "take the 50 grand to some lady" whom she had never met. Id.

The APD investigators obtained a warrant to search the Arleta residence and the Accord. During the search of the Arleta residence, investigators found two stacks of U.S. currency in a bedroom occupied by Silva–Cebreros as well as eight firearms in the garage. Id. ¶ 13. During the search of the Accord, investigators found bundles of currency tied by rubber bands in the shopping bag Silva–Cebreros had placed in the vehicle. The bundles were identified by handwritten labels displaying amounts such as "1,000" and "2,000." Id. The total currency seized amounted to $63,500. Id.

On July 20, 2017, DEA agents interviewed Rosy, and she disclosed that she worked as a money courier for a drug trafficking organization and had picked up money from Silva–Cebreros before. Id. ¶ 14. In addition, Rosy stated that within the past month

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

she had travelled to Los Angeles to pick up money from Silva–Cebreros, but Silva–Cebreros did not show up where they had arranged to meet. Rosy stated that she later learned the money was seized by law enforcement from Silva–Cebreros. Id.

The government alleges that the defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents or is traceable to proceeds of illegal narcotics trafficking, or was used or intended to be used to facilitate one or more exchanges of a controlled substance, in violation of 21 U.S.C. § 841 et seq. Id. ¶ 14.

## III. LEGAL STANDARDS

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a court may order default judgment following the entry of default by the Clerk of Court. PepsiCo, Inc. v. California Security Cans., 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Upon entry of default, the factual allegations in the plaintiff's complaint, except those relating to damages, are deemed admitted. Id. at 1175. Although the court has discretion to grant or deny a motion for default judgment, id. at 1174, the Ninth Circuit has directed that courts consider the following factors (collectively, the Eitel factors) in exercising this discretion: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether defendant's default was the product of excusable neglect, and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV. DISCUSSION

In its motion for default judgment, the government indicates that the procedural requirements governing civil forfeiture and default judgment have been satisfied in this case and argues that the Eitel factors weigh heavily in support of entering default judgment. Mot. at 7–12. The Court addresses both the relevant procedural rules and the application of the Eitel factors below.

### A. Procedural Requirements

Any property subject to forfeiture to the United States may be seized in the manner set forth in 18 U.S.C. § 981(b). See 21 U.S.C. § 881(b). Pursuant to 18 U.S.C. § 981(b)(2)(A), a seizure may be made without a warrant if a complaint for forfeiture has been filed in the U.S. district court and the court issued an arrest warrant *in rem* pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R."). Supplemental Rule G includes several judicial authorization, process, and notice requirements. The government must file a verified complaint that states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statute under which the forfeiture action is brought, and states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supp. R. G(2)(a)–(f). The clerk must then issue a warrant to arrest the property if it is in the government's possession, custody, or control; and process must be executed on the property. Supp. R. G(3)(b)–(c). The government is required to give notice to potential claimants by publication and by sending direct notice of the pending forfeiture action to any person who reasonably appears to be a potential claimant. Supp. R. G(4)(a)–(b). Local Admiralty Rule C.4(a) also requires notice by publication and direct notice by first-class mail to persons known to have an interest in the property.

     The Court finds that the government has satisfied the requirements of 18 U.S.C. § 981(b)(2)(A), Supplemental Rule G, and Local Admiralty Rule C.4(a). As mandated by Supplemental Rule G(2), the government filed verified complaint on January 17, 2018 that states the grounds for jurisdiction and venue, describes the property being forfeited with reasonable particularity, identifies the statute under which the forfeiture action is brought, and includes sufficient factual detail to support a reasonable belief that the government will be able to meet its burden of proof at trial. In accordance with Supplement Rule G(3), the Clerk immediately issued an arrest warrant *in rem* for the defendant currency; and on January 18, 2018, process was executed upon the defendant currency by the U.S. Marshals Service. Dkt. 8. As required by Supplemental Rule G(4)(a), the government posted notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days starting on January 29, 2018. Dkt. 11. On January 23, 2018, the government sent notice of the complaint to known potential claimants Silva–Cebreros and Lomeli and to the address of Silva–Cebreros's attorney, Marvin E. Vallejo ("Vallejo"), in Los Angeles, California pursuant to Supplemental Rule G(4)(b). Dkt. 12, Ex. C, D, E. The notices were sent by certified mail with a claim letter describing the defendant currency and giving notice as to the time within which a claim and answer were required to be filed as provided by the Local Rules. See Supp. R. G(4)(b)(ii). The letters sent to Silva–Cebreros and Lomeli were returned; however, the letter to Vallejo was delivered and received. Dkt. 12-1, Declaration of Frank D. Kortum ("Kortum Decl.") ¶¶ 5–6; see Supp. R. G(4)(b)(iii) ("Notice may be sent to the potential claimant or to the attorney representing the potential claimant.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

In addition, Local Rule 55–1 requires that an application for default judgment be accompanied by a declaration (1) indicating when and against what party default has been entered; (2) identifying the pleading as to which default has been entered; (3) indicating whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (4) stating that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) affirming that notice has been served on the defaulting party if required by Rule 55(b)(2). C.D. Cal. L.R. 55–1. The Court finds that the government also has satisfied these requirements. Assistant U.S. Attorney Frank D. Kortum submitted a declaration indicating that default was entered against the interests of Silva–Cebreros and Lomeli, and all unknown potential claimants on May 9, 2018. Kortum Decl. ¶ 11. The declaration also states, on information and belief, that potential claimants neither minors nor incompetent and do not serve in the military therefore the Servicemembers Civil Relief Act does not apply. Id. ¶¶ 10–11. Kortum also states that on May 17, 2018, notice of the instant motion for default judgment was served by U.S. mail on all potential claimants and their last known addresses. Id. ¶ 11 See C.D. Cal. L.R. 55–1.

### B. Application of the *Eitel* Factors

The Court first addresses "the merits of plaintiff's substantive claim [and] the sufficiency of the complaint." Eitel, 782 F.2d at 1471. To prevail in an action under 21 U.S.C. § 881(a)(6), the government must prove by a preponderance of the evidence that the property was "(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws." United States v. $191,910 in U.S. Currency, 16 F.3d 1051, 1071 (9th Cir. 1994), superseded by statute on other grounds, Civil Asset Reform Act of 2000 ("CAFRA"), Pub. L. No. 106–185, as recognized by United States v. $80,180 in U.S. Currency, 303 F.3d 1182, 1184 (9th Cir. 2002); see also United States v. $100, 348 in U.S. Currency, 354 F.3d 1110, 1116 (9th Cir. 2004) (noting that CAFRA raised the government's burden of proof from probable cause to a preponderance of the evidence). When the government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, it must also establish a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3). "The determination whether the government has met its burden of proof is based on the aggregate of the facts, including circumstantial evidence." United States v. $49,790 in U.S. Currency, 763 F. Supp. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

1160, 1166 (N. D. Cal. 2010) (citing United States v. $42,500 in U.S. Currency, 283 F.3d 977, 980 (9th Cir.2002)).

 The Court finds that the factual allegations in the complaint, considered in the aggregate, are sufficient to satisfy the government's burden of proof. First, law enforcement seized defendant currency pursuant to a lawful search made in connection with an investigation of a drug trafficking organization. See United States v. $84,740 Currency, 981 F.2d 1110, 1111 (9th Cir. 1992) (affirming default judgment in civil forfeiture action regarding money seized during the execution of a search warrant). Second, Silva–Cebreros was carrying a substantial amount of cash, which supports an inference that money was drug-related. See Currency, U.S. $42,500, 283 F.3d at 981–82 (noting that a large amount of cash is "strong evidence" that the money was furnished or intended to be furnished in return for drugs). Third, Silva–Cebreros's initial conflicting statements regarding the amount of money and her association with the Arleta residence and the Accord support an inference that the money was drug-related. See United States v. $215,300 U.S. Currency, 882 F.2d 417, 419 (9th Cir. 1989) (attempts to avoid detection by concealing or lying about the money supported an inference that the money was drug-related). Finally, Rosy admitted that she was associated with a drug trafficking organization and that she had previously worked with Silva–Cebreros in connection with acting as a money courier. These allegations, viewed in the aggregate, demonstrate by a preponderance of the evidence that the defendant currency is subject to forfeiture under 21 U.S.C. § 881(a)(6).

 The remaining Eitel factors—the possibility of prejudice to the plaintiff, the sum of money at stake, the possibility of a dispute concerning material facts, whether the default was due to excusable neglect, and the policy favoring decisions on the merits—also generally weigh in favor of granting the government's motion for default judgment. First, denying the motion would prejudice the government because it would be required to continue litigating this action even though no potential claimants have appeared. Second, the sum of money at stake must be considered in relation to the seriousness of the conduct. See PepsiCo, 238 F. Supp. 2d at 1177. Here, the amount of money is substantial, but the government has demonstrated by a preponderance of the evidence that it was used in violation of federal drug laws. Third, there is no possibility of a dispute concerning material facts because no claim or answer has been filed. Fourth, there is no indication that default was the result of excusable neglect because the government fully complied with the notice provisions of the Local Rules and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Finally, although the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:18-cv-00404-CAS (JPRx) | Date | June 25, 2018 |
| Title | UNITED STATES V. $63,500 IN U.S. CURRENCY | | |

should decide cases on the merits whenever possible, <u>Eitel</u>, 782 F.2d at 1472, the failure of Silva–Cebreros or Lomeli or any other potential claimant to file an answer "makes a decision on the merits impractical, if not impossible." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.

## V. CONCLUSION

In accordance with the foregoing, the government's motion for default judgment is **GRANTED**. The defendant currency of $63,500 is hereby forfeited to the government pursuant to Section 881(a)(6). All right, title, and interest in the defendant currency is vested in the United States. The Clerk is instructed to enter judgment in favor of the United States.

**IT IS SO ORDERED**.

|  | 00 : 02 |
| Initials of Preparer | CMJ |